IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN WILLIAM WARD            :
                              :
                              :
                              :
      v.                      :      CCB-12-2415
                              :
                              :
WACHOVIA BANK & TRUST, *et al.*  :

**MEMORANDUM**

Plaintiff Kevin William Ward filed this action under a variety of state law claims against Wells Fargo Bank, N.A. (as successor-in-interest to Wachovia Bank, N.A.) ("the Bank") related to the Bank's administration of a trust established by his parents for which he was the sole-beneficiary.[1] All defendants have filed a motion to dismiss under Rule 12(b)(6) asserting that Ward's claims are barred by the doctrine of res judicata because, in prior state court litigation, Ward signed a consent order transferring the remainder of the trust's assets to him and releasing the defendants "from any and all liability in connection with their administration of the Trust." (Defs.' Mem., Ex. A, ECF No. 8-1).

"[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Where res judicata is based on a state court judgment, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982). Under res judicata, the defendants must show "(1) that the parties in the present litigation are the

---

[1] The complaint also names the trust's two co-trustees as defendants.

same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and, (3) that there has been a final judgment on the merits." *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005). Here, the parties are identical to those in the state court action that resolved Ward's trust and his claims arise out of the same subject matter of the previous action, the Bank's administration of his trust. *See Snell v. Mayor and City Council of Havre de Grace*, 837 F.2d 173, 176 (4th Cir. 1988) ("[S]o long as the subject matter of the two suits is substantially the same, a plaintiff cannot avoid the bar of res judicata simply by changing the theory of recovery or seeking a different remedy.") (citing *Mettee v. Boone*, 247 A.2d 390, 395 (Md. 1968)). A consent order is a final judgment on the merits, and this order in particular expressly released the defendants from any claim or liability arising out of their administration of the trust. *See Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F.2d 770, 774 (4th Cir. 1991) (quoting *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990) ("When a consent judgment entered upon settlement of the parties of an earlier suit is invoked by a defendant as preclusive of a later action, the preclusive effect of the earlier judgment is determined by the intent of the parties.") Accordingly, Ward's suit is barred by res judicata and the Bank's motion to dismiss will be granted.

       A separate Order follows.

January 30, 2013                                          /s/
      Date                                        Catherine C. Blake
                                                    United States District Judge